FILED
DEC 2 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.S., individually <br> and <br> WILLIAM HOUSTON, <br> as next friend of the minor child, <br> L.S., ward of the District of Columbia, <br> 1008 Pendleton Street <br> Alexandria, VA 22314 <br> <br> Washington, D.C. 20019 <br> <br> Plaintiff <br> <br> v. <br> <br> GOVERNMENT OF THE DISTRICT OF COLUMBIA: <br> A Municipal Corporation <br> <br> Defendant. <br> <br> Serve: <br> Robert Spagnoletti, <br> Attorney General <br> District of Columbia <br> 441 4th Street, N.W. <br> Washington, DC 20001 <br> <br> and <br> <br> Mayor Anthony Williams <br> Office of the Secretary <br> 1350 Pennsylvania Avenue, N.W. <br> Washington, DC 20004 | CASE NUMBER 1:06CV02232 <br> JUDGE: Ricardo M. Urbina <br> DECK TYPE: Civil Rights (non-employm <br> DATE STAMP: 12/28/2006 |

## COMPLAINT

### JURISDICTION

1.    Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education, pursuant to the Individuals with

RECEIVED
DEC 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C.§§ 1400 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343; and pendant jurisdiction pursuant to 5 D.C.Mun. Regs.§§ 3000 *et seq.* Declaratory relief is authorized by 28 U.S.C.§§ 2201 and 2202.

2. Plaintiff is a court appointed educational advocate of a minor child, a ward of the District of Columbia. The minor child is a ward of the District of Columbia during the time of the underlying administrative proceedings.

3. Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public Schools System ("DCPS"). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is responsible for issuing checks in payment of reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing claims under IDEA.

## FACTS

4. L.S.. is a sixteen year-old student who at the initiation of the administrative proceedings attended Phillips School, in Laurel, Maryland.

5. Phillips School is a private special education school whose students display various disabilities.

6. DCPS had been funding L.S's placement at Phillips School.

7. On 15 March 2005, L.S., through her court appointed educational advocate, wrote the principal at Wilson Senior School requesting that DCPS conduct evaluations.

8. When DCPS did not respond to the request, L.S., through counsel, filed a due process hearing complaint on 22 June 2006.

2

9. On 5 July 2006, DCPS convened a resolution meeting wherein they agreed to complete most of the testing, but not the clinical evaluation.[1]

10. L.S., through her attorney, maintained that since L.S. was in a school for emotionally disturbed children, a clinical evaluation was needed.

11. Furthermore, DCPS would not commit to any timeframe to complete the process, therefore, L.S., through counsel, had to decline the offer.

12. DCPS convened an administrative due process hearing on 23 August 2006.

13. In that hearing, the attorney advisor for DCPS requested the hearing officer to dismiss the complaint because according to the IDEIA, L.S. improperly requested the wrong jurisdiction for evaluations, contending that since L.S. attended a private school in Maryland, the request for evaluations should have been to the local school.

14. L.S., through counsel, argued that provision of IDEIA did not apply to students placed by DCPS in Maryland and that the proper venue for the request for evaluations have always been the home school of the student.

15. L.S., through counsel, then argued that DCPS has informed him that high school aged children who were non-attending wards of the District of Columbia should direct the request for evaluations to Wilson High School.[2]

16. Although the hearing officer was agreeing to the arrangement regarding wards, DCPS attorney advisor continued to argue that Maryland was the correct venue.

---

[1] **DCPS agreed to complete "psychological, educational, psychiatric, speech and language and neuro-psych evaluations.**

[2] **L.S., through counsel, also stated that middle school aged children should direct their inquires to Jefferson Junior High School and elementary school aged children should direct their inquires to Amidon Elementary School.**

3

17. Finally, the hearing officer gave DCPS until the end of the week, 25 August 2006 to produce evidence to support the DCPS claim.

18. On 23 August 2006, DCPS produced a document, entitled "Declaration of Judith Smith," who is the Director of Federal and Family Court Monitoring within DCPS.

19. This document was not included in the DCPS disclosure statement prior to the hearing, and counsel for the parent did not have an opportunity to cross-examine the affiant.

20. In her statement, Ms. Smith validated L.S.'s argument that there are designated schools to accept referrals.

21. Ms. Smith stated that the school designated to accept referrals for high school aged children is Dunbar.

22. Wilson High School, upon receiving L.S.'s request for evaluations, never contacted L.S. nor her counsel to inform that Wilson was not the appropriate school to accept a referral.

23. In two previous Due Process Hearings involving counsel for L.S., DCPS had responded to referrals sent to Wilson High School.

24. On 30 August 2006, Hearing Officer St. Clair issued a Decision and Order holding that DCPS has not been notified of the requested evaluations and therefore the 22 June 2006 was dismissed without prejudice.

25. On 30 August 2006, L.S., through counsel, filed a Motion for Reconsideration, arguing that because DCPS had in a past Due Process Hearing agreed to complete evaluations requested by letter to Wilson High School, and in another hearing stated on the record their inability to meet their burden where evaluations had been requested by letter to Wilson High School, DCPS should be estopped from asserting the defense of lack of

knowledge.

26. On 25 September 2006, Hearing Officer St. Clair denied the Motion for Reconsideration, finding that L.S., through counsel, did not satisfy the four elements of collateral estoppel: sameness of parties, sameness of issue, actual litigation of the issue, and that the litigated issue was necessary for the decision.

27. Hearing Officer St. Clair found that while the first two elements were satisfied, the issue was never actually litigated in prior Due Process Hearings, and therefore the last element was mooted.

## **COUNT I**

28. Plaintiff repeats and realleges paragraphs 1 - 27.

29. Hearing Officer St. Clair erred in allowing DCPS to submit the Declaration of Judith Smith on 23 August 2006. According to the DCPS Due Process Hearing Standard Operating Procedures, Section 500, the parties to a hearing must follow the Five Day Disclosure Rule, which states,

At least five business days prior to a scheduled due process hearing, each party must disclose and provide to all other parties and the Student Hearing Office copies of all evidence which the party intends to use at the hearing. This rule requires specific disclosure of:
   a. All documents and tangible things the party wants admitted into evidence for the Hearing Officer to consider;
   b. The names, addresses, and telephone numbers of all witnesses the party intends to call to testify during the hearing; and
   c. All evaluations completed by that date and recommendations based upon the offering party's evaluations that the party intends to use at the hearing.

The hearing officer does not have the discretion to usurp the disclosure rule and allow evidence to be submitted after the Five Day deadline. Additionally, since this witness'

testimony was submitted in the form of an affidavit, counsel for L.S. never had an opportunity to cross-examine the witness. Without the opportunity to cross-examine, the disclosure rule was especially important in this case, because if it was adhered to counsel would have had the opportunity to prepare and present rebutting evidence.

### **COUNT II**

30. Plaintiff repeats and realleges paragraphs 1 - 29.

31. Hearing Officer St. Clair erred denying counsel's Motion for Reconsideration. DCPS is estopped from asserting the defense of lack of knowledge. Counsel for L.S. sent the request for evaluations to Wilson High School, a DCPS school. No one from Wilson, or any other DCPS office, ever contacted counsel to inform him that Wilson was the incorrect school to make referrals to. Additionally, in two prior Due Process Hearings involving counsel for L.S., DCPS had acknowledged a letter submitted to Wilson High School requesting evaluations for a DCPS-placed private school student. These actions affirmed counsel's belief that Wilson High School was the appropriate school in which to send referrals, and estopped DCPS from claiming lack of notice in future cases.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the 25 September 2006, Hearing Officer's Decision be reversed, finding a denial of a free, appropriate, public education by DCPS.

3. Order that DCPS fund an independent Clinical Psychological Evaluation; Psycho-

educational Evaluation; Psychiatric Evaluation; Speech and Language Assessment; Neuropsychological Evaluation; and any other evaluation the assessors deem necessary.

4. Order that DCPS convene a multi-disciplinary team meeting to discuss the evaluations within ten (10) days of completion of the evaluations.

5. Order that DCPS place and fund L.S. at a full-time special education program.

6. Order that DCPS provide one year of compensatory education.

7. Order an award of attorneys fees and costs to Plaintiff; and

8. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
~~6303 Little River Turnpike, Suite 310~~
~~Alexandria, Virginia 22312-5045~~
~~(703) 941-4455 (O)~~
~~(703) 642-3101~~ (F)

1008 PENDLETON STREET
ALEXANDRIA, VIRGINIA 22314
(703) 739-4300 (o)
(703) 739-2323 (c)

7

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-2232 RMU

## I (a) PLAINTIFFS

L.S. ET AL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Gvt. of DC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alex. WM. Houston
VA 22314 Dalton Dalton & Houston
1008 Pendleton St.

CASE NUMBER 1:06CV02232

JUDGE: Ricardo M. Urbina

DECK TYPE: Civil Rights (non-employm

DATE STAMP: 12/28/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ■ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>■ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
■ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 USC 1400 IDEA ACT

VII. REQUESTED IN COMPLAINT  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $  Check YES only if demanded in complaint  JURY DEMAND: ☐ YES ■ NO

VIII. RELATED CASE(S) IF ANY  (See instruction)  ☐ YES ■ NO  If yes, please complete related case form.

DATE 12.28.06  SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd